IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARVIN and LAURA KAY                                              PLAINTIFF

v.                              No. 4:13-cv-487-DPM

PEAK WATER SYSTEMS LLC and
FOXBOROUGH ENERGY COMPANY LLC                       DEFENDANTS

## ORDER

For the reasons explained in this Court's Order in a substantially similar case, and with the Kays' agreement, the motions to dismiss are granted except on the trespass and unjust-enrichment claims. *Hill v. Southwestern Energy Company*, 2013 WL 5423847 (26 September 2013, E.D. Ark.); № 24 at 1. All other claims are dismissed without prejudice. Like the plaintiffs in the *Hill* case, the Kays have standing. Their allegations — injury-in-fact from the actual migration of the waste fluid — are sufficient. *E.g.*, № 1 at ¶¶ 15, 23–25, 27–32, 34, 36–40, 48–50; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591–92 (8th Cir. 2009).

On trespass: the Court has reconsidered the precedent argued in *Hill*, as well as the additional authorities now advanced. The Court stands by its earlier ruling. If Peak Water and Foxborough are, as the Kays allege, using the subsurface storage capacity of the Kays' property permanently, with

neither permission nor payment, and while paying other landowners for this kind of use, Arkansas law would recognize a claim. It would likely be a matter of trespass. RESTATEMENT (SECOND) OF TORTS §§ 158 & 159 (1965). Alternatively, it would be a matter of unjust enrichment. RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 40 (2011) and comment c. The brine cases are illuminating but not dispositive. *Jameson v. Ethyl Corporation's* no-trespass holding is inextricably intertwined with what was essentially a common-law integration and unitization of the Kerlin Brine Field. 271 Ark. 621, 628-29, 609 S.W.2d 346, 351 (1980). No comparable circumstances are presented here.

\* \* \*

Motions to dismiss, № *8 & 18*, granted in part and denied in part on the trespass and unjust-enrichment claims. Foxborough's answer due by 6 December 2013.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 November 2013